IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK LEE CLEATON, § | | |
| Movant, § | | |
| § | | |
| v. § | No. 3:18-CV-1043-B (BT) | |
| § | No. 3:15-CR-0003-B (BT) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Mark Lee Cleaton, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion and dismiss this action.

I.

On October 19, 2015, a jury found Cleaton guilty of four counts of wire fraud, in violation of 18 U.S.C. § 1343. Crim. Doc. 62, 126.[1] The Court sentenced Cleaton to 80 months of imprisonment. Crim. Doc. 102. Cleaton then filed a direct appeal, and the Fifth Circuit affirmed the judgment on January 24, 2017. *See United States v. Cleaton*, 673 F. App'x 453 (5th Cir. 2017).

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:15-CR-003-B as "Crim. Doc."

Cleaton also filed this § 2255 motion to vacate, set-aside, or correct his sentence, Doc. 2, in which he raises eight claims of ineffective assistance of counsel, a claim that the Court lacked jurisdiction over the case, and a claim that the Court improperly enhanced his sentence. *Id.*; Doc. 3. The government responds that Cleaton's ineffective assistance claims lack merit, and the remaining two claims are procedurally barred and not cognizable on collateral review, and additionally lack merit. Doc. 8.

II.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled only to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984).

A movant also "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If the movant fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Counsel's performance on appeal is judged under the same two-prong *Strickland* test. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

### III.

Cleaton first avers that his initial attorney, Mark Elliston, whom Cleaton discharged prior to trial, miscalculated the government's plea offer by "overestimating [Cleaton's] offense level, and failing to identify the correct sentencing range (exposure)." Doc. 2 at 7. Cleaton states that due to the miscalculation, Elliston incorrectly informed him that if he accepted the plea offer, Cleaton would be "looking at about 40-months under the Guidelines." Doc. 3 at 5. Cleaton further states that his actual sentencing exposure was "15-21 months of incarceration . . . a significant amount less than Elliston's 40-month estimate." *Id*.

Cleaton additionally avers that his subsequent counsel (attorneys Jay Ethington and Cody Skipper), whom he hired prior to trial, provided ineffective assistance by "failing to calculate the plea for themselves," informing Cleaton "that the '40-month offer appeared to be a first offer' and

3

that [Cleaton] would only 'face 30-37 months' in proceeding to trial." Doc. 2 at 7.

Cleaton provides no support from the record for these averments. He simply makes the claims, absent reference to the record. *See id.*; Doc. 3 at 5-6, 9-10. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 108, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived). Cleaton's conclusory allegations are insufficient to warrant relief on these issues. *Miller*, 200 F.3d at 282.

Further, Cleaton's attorneys submitted a response in this case. Doc. 9. In Elliston's affidavit, he stated, in relevant part, that his calculation of the United States Sentencing Guidelines "was accurate and consistent with that of [the United States Assistant Attorney]" and that he "told [Cleaton] that the guidelines were no longer mandatory and that a judge could depart up or down from the guidelines." *Id.* at 3. Elliston further stated that "[a]t no time did [he] guarantee what any sentence [Cleaton] would ultimately receive" and that "no one but the judge could ultimately tell him what his guidelines would be." *Id.*

4

Ethington and Skipper state that they "reviewed the plea proposal from the Government, and advised [Cleaton] of various applicable guideline ranges," and that they "do not, have not, and would not advise a client of a guaranteed range of punishment. Nor did [they] advise [Cleaton] that 'he had no sentencing exposure beyond 30-37 months in proceeding to trial.'" They stated that, to the contrary, they advised Cleaton that based on the Governments projections, he would be facing "at least 41-51 months in federal prison" if he pleaded guilty, and "if he decided to proceed to trial and was unsuccessful, he would be facing at least 57-71 months. Doc. 9 at 5. They additionally stated that "there was never any offer of a binding agreement from the Government. *Id*. In view of this record, Cleaton has not shown he is entitled to relief.

Cleaton also claims that Ethington and Skipper, provided further ineffective assistance during the pre-trial, trial, and sentencing phases. Doc. 2 at 7-9; Doc. 3 at 5-11. Specifically, Cleaton alleges that they allowed the Government's plea offer to expire "without advising [Cleaton] to consider it," "introduced damaging evidence at trial," stipulated to the interstate commerce element of Cleaton's wire fraud charge, and failed to investigate, hire an investigator, or "contact any potential witnesses." *See* Doc. 2 at 7-8. He additionally claims they failed to determine whether the prosecutor was a "properly appointed officer," failed to "properly object" to enhancements

5

for relevant conduct contained in the presentence report, and failed to object to his sentence disparity. *Id.*

In each of these claims, Cleaton provides only cursory, generalized arguments that his trial counsel was ineffective. As an example, regarding his argument about the alleged plea offer, Cleaton states, "[Attorneys] Ethington and Skipper allowed the Government's offer to expire without advising [Cleaton] to consider it." Doc. 2 at 7; Doc. 3 at 6. Cleaton provides no further argument to support the claim. Similarly, regarding pre-trial preparation, Cleaton simply states that Ethington and Skipper, "failed to conduct a reasonable pre-trial investigation, failed to hire an investigator to do so, failed to contact any potential witnesses, failed to adequately prepare evidence for trial, and failed to investigate whether or not a properly appointed Officer was representing the United States before the Grand Jury, or District Court." Doc. 3 at 7. And regarding his alleged sentence disparity, Cleaton states only that his counsel "failed to consult readily available sentencing statistics in preparation for sentencing" which would have demonstrated that his sentence "was nearly double that of similarly situated defendants." Doc. 3 at 11. Other than this litany of grievances, Cleaton provides no further support for his claims. *See id.*

Cleaton's remaining claims are similarly cursory. See generally Doc. 3 at 5-8, 9-11.  As such, Cleaton fails to demonstrate he is entitled to relief on the ground that his trial counsel provided ineffective assistance. *Miller*, 200

F.3d at 282; *Smallwood,* 73 F.3d at 1351 (quoting *Ross,* 694 F.2d at 1011-12); *see also Lookingbill,* 293 F.3d at 263.

Regarding Cleaton's claim of ineffective assistance of appellate counsel, as previously explained, a counsel's performance on appeal is judged under the two-prong *Strickland* test. *See Green*, 160 F.3d at 1043. "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Id.* "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Here, Cleaton provides only a cursory argument regarding his claims against his appellate counsel. In his Section 2255 motion, he states:

> Appellate counsel failed to raise or preserve on Direct Appeal, any of the Ineffective Assistance of Counsel claims contained in this motion. Additionally, [appellate counsel] failed to investigate and challenge the jurisdiction of the District Court to bring indictment, or otherwise hear [Cleaton's] case. [Appellate counsel] failed to raise or preserve on Direct Appeal a challenge as to the constitutionality of the relevant conduct enhancements for uncharged conduct contained in ¶¶ 43 and 44 of the PSI. Doc. 2 at 9.

7

In his memorandum in support of his motion, he simply restates the bald assertions from his motion. *See* Doc. 3 at 8, 11-12. Cleaton's conclusory allegations are insufficient. *Miller*, 200 F.3d 282. Regarding the claim that appellate counsel failed to raise ineffective assistance of counsel claims on direct appeal, it would have been futile to do so. The Fifth Circuit has stated that "the general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Foy*, 28 F.3d 464, 476 (5th Cir. 1994).

Moreover, because Cleaton does not address *Strickland*'s prejudice prong on any of his ineffective assistance of appellate counsel claims, *see* Doc. 2 at 9; Doc. 3 at 8, 11-12 he likewise fails to "affirmatively prove prejudice." Cleaton has not shown he is entitled to relief. *See Strickland*, 466 U.S. at 693.

IV.

Finally, Cleaton avers that there is no evidence the Assistant United States Attorney who prosecuted him (AUSA Bunch) was properly appointed as an Assistant United States Attorney. Doc. 2 at 9; Doc. 3 at 16. Cleaton additionally avers that the Court violated his right to due process "when it imposed a sentence that was enhanced by way of uncharged conduct" in the PSR. Doc. 3 at 17; *see also* Doc. 2 at 10.

These issues could have been raised on direct appeal. It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232. Cleaton could have raised these two claims on direct appeal but failed to do so. *See Cleaton*, 673 F. App'x at 453-54. And he has not shown either cause for his procedural default and actual prejudice resulting from the error or demonstrated that the alleged violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, Cleaton's claims are procedurally barred from review. *Id.*

V.

For the foregoing reasons, the Court should deny the § 2255 motion and dismiss this action with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed April 15, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).